IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TOREY C. SMITH**                                                                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO:  3:19CV407 HTW-LGI**

**UNITED STATES MARSHAL SERVICE,**
**UNTIED STATES OF AMERICA**                                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court *sua sponte* upon a review of the docket in this case. Plaintiff was granted permission to proceed *in forma pauperis* on November 6, 2019. He was required to complete the summons forms and serve process within 90 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. However, the docket does not reflect that a summons has been requested or issued in this case. Plaintiff was advised when he was granted *in forma pauperis* status that it is his responsibility to prosecute this case, which could not proceed until the Defendants have been served with a summons and a copy of the Complaint. Plaintiff has made no attempts, however, to serve the remaining Defendants as directed, nor has he communicated with the Court since that date concerning this case. This matter has now been dormant on the Court's docket for over a year.

Plaintiff was instructed to show good cause, in writing, as to why this cause should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to prosecute. The show-cause response was due on May 7, 2021. Plaintiff has failed to comply.

This Court has the authority to dismiss an action for failure to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41 (b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, 370 U.S. at 630.  Whether *pro se* or incarcerated, a plaintiff has an obligation to comply with the directives of this Court.  Plaintiff's actions also prejudice the right of Defendants to promptly and fully defend this case.

It is, therefore, the recommendation of the undersigned that this cause be dismissed without prejudice, or further notice, for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on May 19, 2021.

s/ LaKeysha Greer Isaac<br>UNITED STATES MAGISTRATE JUDGE